UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

IN RE: DAMEEN JOHNSON,                   :
                                         :  No. 2:25-CR-326
                                         :
                                         :
_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                    August 12, 2025
**United States District Judge**

I.     **INTRODUCTION & BACKGROUND**

Having reviewed the "Notice of Removal," Dameen Johnson[1] appears to be the subject of several criminal actions pending in the Montgomery County Court of Common Pleas which he seeks to remove to federal court. *See* ECF No. 1. He also appears to claim, *inter alia*, that he is subject to "unlawful incarceration." ECF No. 1, Not. at 1; *see also* Not. at 2, 4, 6. (claiming he is being incarcerated "unlawfully.") The Notice also makes vague references to breach of contract, false imprisonment, and violation of his constitutional rights. *Id.* at 5. Since none of the narrow grounds upon which a criminal action may be removed to federal court apply, the matter will be remanded.

II.     **LEGAL STANDARD**

Removal of a case from state to federal court is provided for in 28 U.S.C. §§ 1441-1455. Section 1455, in particular, provides the procedure for removal of criminal prosecutions. *See* 28 U.S.C. § 1455. That Section requires that, *inter alia*, "[t]he United States district court in which such notice is filed shall examine the notice promptly" [and] "[i]f it clearly appears on the face of

---

[1]     In the Notice, Johnson refers to himself as Nasir al-nur Bey. ECF No. 1, at 1.

the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*. at § 1455(b)(4). "There are limited circumstances in which a criminal state court prosecution can be removed to federal court. The substantive grounds for removal are set forth in three statutory provisions, 28 U.S.C. §§ 1442, 1442a and 1443." *Pennsylvania v. Smith*, No. CV 19-5753, 2020 WL 671017, at *3 (E.D. Pa. Feb. 10, 2020).

### III.  ANALYSIS

Johnson appears to cite 28 U.S.C. § 1441 as a basis for removal. *See* ECF No. 1, at 1. However, that statute regards the removal of civil actions, not criminal. *See Pennsylvania v. Burnside*, No. 1:25-CV-00274, 2025 WL 593998 at *3 (M.D. Pa. Feb. 24, 2025). As noted, 28 U.S.C. §§ 1442, 1442a and 1443 supply the substantive grounds for removal of criminal actions. *See Smith*, 2020 WL 671017, at *3. None apply here.

First, "[t]o qualify for removal pursuant to Section 1442, a removing party must establish that he is an officer of the United States or a person acting under an officer of the United States." *In re Brian Armond Burnside*, No. 1:24-CV-01960, 2025 WL 104550, at *2 (M.D. Pa. Jan. 15, 2025). This does not apply as Johnson does not allege he is a federal officer or agent.

Second, "Section 1442a permits removal of criminal prosecutions brought against a member of the armed forces for an act done 'under color of his office or status.'" *Pennsylvania v. Jacobs*, No. CR 22-292, 2022 WL 16836974, at *1 (E.D. Pa. Nov. 9, 2022) (quoting 28 U.S.C. § 1442a). This does not apply as Johnson has not alleged he is a member of the armed forces.

Third, Johnson has not satisfied either ground of Section 1443. In relevant part, that statute provides for removal in actions:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  With regard to subsection one, "[t]he removing defendant 'must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for ... equal civil rights; and (2) that he is denied or cannot enforce that right in the state courts.'" *Smith*, 2020 WL 671017, at *4 (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)) (cleaned up).

Here, Johnson has not alleged in his Notice of Removal that the state court action involves issues of racial inequality.  Rather, he cursorily lists violations of "Article 6 Clause 3; Article 4 Section 3; Article 3 Section 1; Article 1 Section 10; 4th Amendment; 8th Amendment; 9th Amendment; 10th Amendment" of the Constitution.  ECF No. 1, at 5.  It is Johnson's burden to show grounds for removal.  *See Pennsylvania v. Holloway*, No. 24-2209, 2024 WL 5103009 (3d Cir. Dec. 13, 2024).  His cursory invocation of the Constitution is insufficient to meet that burden.  *See Delaware v. Desmond*, 792 F. App'x 241 (3d Cir. 2020); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.")  Nor has Johnson shown "that the Pennsylvania courts would not afford him the full protections of the law." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 689 (3d Cir. 2016).  Accordingly, removal under Section 1443(1) is inappropriate.

As is Section 1443(2).  Section 1443(2) "applies only to 'federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law

providing for equal civil rights,' and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws." *Desmond*, 792 F. App'x at 242 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Johnson fails under this subsection because has not alleged that he is either.

## IV.   CONCLUSION

For the above noted reasons, the Court will remand the case back to the Montgomery County Court of Common Pleas.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge